In the Matter of the Application of BESSIE L. GREGG for a Certiorari Order against ARTHUR A. WHEELER and Others, Trustees of the Incorporated Village of Plandome.

Second Department, June 15, 1923.

**Villages — liability of property owners in village of fourth class for part of cost of paving in front of property — petition to trustees to pave not required under Village Law, § 166, where part of cost is to be borne by village — trustees of village have power to determine proportion of cost that property owners must bear — proportion of cost not limited to one-half — " joint expense " as used in statute does not mean equal division between village and property owners.**

The trustees of a village of the fourth class have power, under section 166 of the Village Law, to direct the pavement of a street where part of the cost is to be borne by the village and part by the adjoining property owners without being petitioned by the owners of at least two-thirds of the frontage on the street to be paved.

Where the cost of the pavement of a street is to be borne in part by the village and in part by the abutting property owners the trustees have the power to determine what proportion of the cost shall be borne by the property owners, and in fixing that proportion they are not limited to assessing against the property owners one-half only of the cost of paving.

The words " joint expense " as used in section 166 of the Village Law do not mean that the expense of paving shall be borne equally by the village and the property owners.

CERTIORARI ORDER granted out of the Supreme Court at the Nassau Special Term on the 7th day of April, 1922, and entered in the office of the clerk of the county of Nassau, directed to Arthur A. Wheeler and others, as trustees of the incorporated village of Plandome, commanding them to certify and return to said clerk's office all and singular their proceedings had in relation to the levying of certain assessments on real property belonging to the petitioner.

*Silas A. H. Dayton,* for the petitioner.

*Roy C. Gasser* [*Ernest M. Strong* with him on the brief], for the respondents.

KELLY, P. J.:

The petitioner owns certain lots on South Drive and Middle Drive in the village of Plandome, Nassau county, shown upon a map attached to the return, which have been assessed for their proportionate part of the expense of paving said streets pursuant to resolution of the board of trustees of the village. The petitioner complains that the assessment is illegal because, she argues, notice

was not served upon her as required by the Village Law, sections 166 and 330, of the intention of the trustees to do the work mentioned and that no petition was presented to them asking that the work be done, and she avers that the assessment levied upon two of her lots is excessive. The trustees make return to the order that on September 12, 1921, after a public meeting of the residents and property owners in the village, they resolved to pave the South Drive and Middle Drive and the intersections thereof with adjoining streets and roads, partly at the expense of the village and partly at the expense of the adjoining owners. They allege that the work was completed and paid for and that on February 25, 1922, notice was given in accordance with the Village Law, sections 166, 168 and 330, of a meeting on March 9, 1922, for the purpose of levying the assessment; that the petitioner attended said meeting by her attorney and filed objections to any assessment upon her property upon the grounds hereinbefore stated; that the trustees, having heard and determined the objections, assessed and apportioned the sum of $19,045.71 upon the land affected thereby as the part of the expense to be borne by the owners of the adjoining land, of which amount the petitioner's lots were assessed in their proportionate share, and that the amount assessed on petitioner's lots was deemed just and reasonable by the board. They set out the method in which the amount of the assessment upon petitioner's property was determined and aver that it was fair, equitable, reasonable and proper, and that the petitioner was given such notice in connection therewith as she was entitled to receive.

On the argument the petitioner confined her attack upon the assessment to the argument, *first*, that the village trustees had no power to pave the two streets, South Drive and Middle Drive, in the absence of a petition signed by the owners of at least two-thirds of the frontage on the street or portion thereof proposed to be improved; *second*, that they had no power to assess more than one-half of the cost of the improvement upon the adjoining owners, the other one-half part to be paid by the village; *third*, that the property owners affected by the assessment, including the petitioner, were entitled to notice of the meeting of the inhabitants of the 12th day of September, 1921, at which it was resolved to pave the South Drive and Middle Drive, partly at the expense of the village and partly at the expense of the adjoining owners. These are the three questions submitted to the court for determination. The trustees concede that no petition was presented to them for paving the two streets in question and that there is no proof of service of any notice of the meeting of September twelfth upon the petitioner.

Plandome is a village of the fourth class, containing a population of less than 1,000. (Village Law, § 40.) The streets and public grounds of a village are under the exclusive control and supervision of the board of trustees except in the case of bridges under the control of the highway commissioners of the town or of other similar officers or officer as prescribed by law. (Village Law, §§ 141, 142.) The provisions for paving streets in the village are found in section 166 of the Village Law (as amd. by Laws of 1919, chap. 149)\* and are as follows:

" § 166. Pavements and sidewalks. The board of trustees may cause a street in the village, or part thereof, to be graded or the sidewalk to be constructed of stone, cement, brick or similar substance or flagged or curbed or the street paved, or any one or more of such acts performed wholly at the expense of the village, or of the owners of the adjoining land, or partly at the expense of each; \* \* \* but a street shall not be so graded, flagged or constructed as above provided or curbed or paved wholly at the expense of the owners of the adjoining land, unless a petition therefor be presented to the board of trustees signed by the owners of at least two-thirds of the frontage on the street, or portion thereof, proposed to be so improved, if the improvement is to consist of grading or curbing or paving, and by the owners of more than one-half of the frontage on the street or on the side thereof proposed to be improved if the improvement consists of flagging or otherwise constructing a sidewalk as above provided, and a hearing given thereon to all persons interested, on a notice of at least ten days. If such improvement is so required to be constructed or repaired wholly at the expense of the owners of the adjoining lands, a notice specifying the place and manner, and the time, not less than thirty days, within which the said improvement is required to be constructed or repaired, shall be served upon the owners. If an owner shall not construct or repair the street as required by the notice, the board of trustees may cause the same to be so constructed or repaired, and assess the expense thereof upon the adjoining land. If a street is to be so improved, constructed or repaired at the joint expense of the village and the owner of the adjoining land, the board of trustees may cause the same to be constructed or repaired, and assess upon the adjoining land the proportion of the expense chargeable against the same; or it may direct the owner to contribute labor or materials therefor. The total amount expended for street paving in any fiscal year from the moneys raised during such year, for street purposes, otherwise than in pursuance of a village election, shall not be

---

\* Since amd. by Laws of 1922, chap. 657.— [REP.

more than one-half thereof. No land owner shall be required to grade, flag, construct sidewalk, curb or pave or bear the expense of so doing any portion of the street not in front of such land, nor beyond the center of the street. All grading done or flagging or sidewalk laid or curb set or pavements laid by the owners of adjoining land shall be laid under the supervision and in accordance with the directions of the board of trustees. The expense of constructing a pavement or of grading done or flagging or sidewalk laid or curb set or any part thereof may be raised in an entire amount or in smaller amounts from time to time, as the board of trustees may determine. If any portion of such expense is to be borne by the village, bonds or certificates of indebtedness may be issued. If such expense or any part thereof is to be assessed upon adjoining land, the board of trustees may apportion it upon the lands and assess the same as a whole or by installments. Notice of an assessment based upon such apportionment shall be given to the land owners, who may pay the amounts assessed within ten days after such notice. At the expiration of that time bonds or certificates of indebtedness may be issued for the aggregate amount of such assessment then remaining unpaid. Taxes for the amount of such bonds or certificates issued on account of default in the payment of the amount apportioned upon the adjoining land shall be levied and collected in the manner prescribed by this chapter in case of unpaid assessments for the construction of sewers."

It is true, as claimed by the petitioner, that the trustees' power to assess her property must be found in the statute. Section 166 of the Village Law quoted above seems to provide for three separate propositions, the first, where the board of trustees desire to pave a street wholly at the expense of the village; the second, where the paving is to be wholly at the expense of the owners of the adjoining land; in that case they cannot proceed with the improvement unless a petition is presented to them signed by the owners of at least two-thirds of the frontage on the street or portion thereof proposed to be paved, and then after a hearing given thereon to all persons interested on a notice of at least ten days. The statute provides: " If such improvement is so required to be constructed or repaired wholly at the expense of the owners of the adjoining lands, a notice specifying the place and manner, and the time, not less than thirty days, within which the said improvement is required to be constructed or repaired, shall be served upon the owners. If an owner shall not construct or repair the street as required by the notice, the board of trustees may cause the same to be so constructed or repaired, and assess the expense

thereof upon the adjoining land." All this applies to an improvement the expense of which is to be borne wholly by the property owners.

The third proposition provides for the improvement of a street at the joint expense of the village and the owners of the adjoining land, and " the board of trustees may cause the same to be constructed or repaired, and assess upon the adjoining land the proportion of the expense chargeable against the same; or it may direct the owner to contribute labor or materials therefor. * * * If such expense or any part thereof is to be assessed upon adjoining land, the board of trustees may apportion it upon the lands and assess the same as a whole or by installments. Notice of an assessment based upon such apportionment shall be given to the land owners, who may pay the amounts assessed within ten days after such notice."

It would seem that the Legislature in its wisdom has thus provided for three separate contingencies, and that the preliminary petition from the property owners is only required where they initiate the improvement to be made at their sole expense without cost to the village. In the first and third cases, where the improvement in the judgment of the trustees is for the benefit of the village without expense to the property owners, or where it is for the joint benefit of the village and the property owners, and the village is to bear part of the expense, no preliminary petition is required by the act, and no preliminary hearing or notice of preliminary hearing is required. It appears from the record here that the proposed improvements consisted of properly resurfacing certain streets which had been paved in 1917 wholly at the expense of the property owners. As to this resurfacing, the expense was borne wholly by the village. It was proposed to pave South Drive and Middle Drive with a concrete pavement, but instead of placing the entire cost on the property owners the trustees decided that the village should bear part of the expense. In such case the preliminary petition and notice is not required by the statute.

The petitioner complains that the resolution of the village trustees provided that South Drive and Middle Drive should be paved *partly* at the expense of the village and *partly* at the expense of the adjoining owners, and argues that the word " partly " means that one-half of the expense was to be borne by the village and one-half by the owners. I cannot agree to any such interpretation of the word " partly " as used in the statute quoted or in the resolution of the trustees. The petitioner alleges that the proportion of the entire expense charged against the property owners was seventy-eight and forty-six one-hundredths per cent thereof. The

Second Department, June, 1923.　　　[Vol. 205

statute (*supra*) provides: " If such expense or any part thereof is to be assessed upon adjoining land, the board of trustees may apportion it upon the lands and assess the same as a whole or by installments." The trustees set out in their return the method in which the portion of the expense of paving these two streets charged against the property owners, was ascertained and assessed. There is no charge of unfairness or inequality, the petitioner basing her complaint in this particular upon her claim that under the statute the trustees must divide the expense of the improvement equally between the village and the property owners. I think the trustees are not so limited. They allege in their return that the amount of the assessments of the four corner lots owned by the petitioner, which are the largest assessments on any of her lots, the amount assessed was actually less than one-half of the cost of the pavement immediately in front of said lots to the center line of the street. But it seems to me, under section 166 (*supra*), this is a matter left to the sound judgment of the trustees. The Legislature prescribed the methods to be followed, and in dealing with paving to be done partly at the expense of the village and partly at the expense of the owners they made no requirement that in such case the expense should be equally divided, and omitted the requirements for preliminary petition and notice. It is not for the court to read these requirements into the statute. There is no claim made by petitioner that she did not have legal notice of the meeting on March 9, 1922, at which the assessments upon the particular lots were made. She attended this meeting and filed her objections, which were heard and determined by the trustees who certify that the amounts assessed against her lots were deemed just and reasonable by the trustees.

I see no reason for interfering with the proceedings of the village trustees in making the assessments upon the relator's lots complained of. The statute says that " If a street is to be so improved, constructed or repaired at the *joint expense* [italics mine] of the village and the owner of the adjoining land, the board of trustees may cause the same to be constructed or repaired, and assess upon the adjoining land the proportion of the expense chargeable against the same; or it may direct the owner to contribute labor or materials therefor." The petitioner does not refer to this particular provision in her points, but I do not regard the words " joint expense," as used here, as compelling equal division of the cost. The words " joint expense " must be read in connection with the previous words of the statute providing for work done " *partly at the expense of each*," and with the subsequent language in the section, " If such expense *or any part thereof* is

to be assessed upon adjoining land, the board of trustees may apportion it upon the lands and assess the same as a whole or by installments." As I read the section, the matter of division of expense, as well as the method of assessment, is left to the board of trustees.

The determination of the board of trustees of the village of Plandome in assessing petitioner's property should be confirmed, with twenty-five dollars costs and disbursements.

JAYCOX, MANNING, YOUNG and KAPPER, JJ., concur.

Determination of the board of trustees of the village of Plandome in assessing petitioner's property confirmed, with twenty-five dollars costs and disbursements.